JACKSON *et al.* *v.* WINCHESTER. (*a*)

*Practice.—Evidence.*

Issues were joined on the pleas of *non assumpsit*, and payment: plaintiffs had been obliged to
send a commission to another state, to prove the assumption; and when the jury was about
to be impannelled, defendant moved to strike out the former plea: *Held*, that he should not be
allowed to strike it out.

Nothing that passes before a judge, on a question of bail, can be evidence on the trial of a cause,
unless it was clearly admitted as a fact, by the opposite party.

THE following points occurred in this case:

I. The issues in this case were joined on pleas of *non assumpsit*, and
payment. When the jury were about to be impannelled, the defendant's
counsel moved to strike out the former plea, by which (leaving only the
affirmative plea of payment) he would be entitled to the conclusion in ad-
dressing the jury. The plaintiff's counsel objected, with an allegation, that
upon the issues, as they now stood, they had been obliged to send a commis-
sion into another state, to prove the sale and delivery of the goods, for
which the action was brought.

And THE COURT refused to allow the plea of *non assumpsit* to be stricken
off. (*b*)

*II. The defendant alleged, that the plaintiffs had agreed to take
payment of the debt, for which the action was brought, in Tennes-
see militia certificates, if David Allison approved of it. Allison approved in
writing of the proposed payment, and the certificates were delivered to him ;
but it became a question, how far that delivery was satisfaction to the
plaintiffs? And Allison being dead, M. Levy offered himself as a witness
to prove that, on a question of bail, before McKEAN, C. J., Allison deposed
that the plaintiffs had debited him with the amount of the certificates in
their account-current. The plaintiffs' counsel objected to the evidence,
and— [*206

By THE COURT.—Nothing that passed before the judge, on the ques-

---

(*a*) s. c. 2 Yeates 529.

(*b*) A defendant has not a right to strike off a plea, but it rests with the court to
allow or refuse him permission to do so; and if the plaintiff has not been put to any
trouble or expense, to prove the issue made by a plea, the defendant may, on motion,
obtain leave to strike it out, more especially, if the motion is made at a term previous
to that of the trial of the cause. Wikoff *v.* Perot, 1 Yeates 38 ; Rankin *v.* Cooper,
2 Bro. 13 ; Waggoner *v.* Line, 3 Binn. 589 ; Weidman *v.* Kohr, 13 S. & R. 24. But a
defendant will not be allowed, at the moment of trial, to withdraw his plea, and
substitute another, changing the issue. McDaniels *v.* Train, 1 Bro. 342. Whilst this
work was in the press, the same question occurred in the circuit court of the United
States ; and the judges decided, that where the pleas were *non assumpsit* and payment,
the defendant might, of course, strike out the plea of *non assumpsit*, without applying
to the court, at any time before the jury were actually sworn. They said, it operated to
relieve the plaintiff, from the necessity of proving the assumption, and was, there-
fore, for his advantage. But they distinguished it from the case of adding a plea,
as essentially different ; that case requiring the authority of the court. Vuyton *v.*
Brieulle, October term 1806 (1 W. C. C. 467). *Dallas*, for the plaintiff. *Ingersoll* and
*Du Ponceau*, for the defendant.

tion of bail, can be evidence on the trial, unless it was clearly admitted, as a fact, by the party.

*W. Tilghman* and *Hallowell*, for the plaintiffs. *M. Levy* and *Dallas*, for the defendant.